IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MICHAEL ALLEN O'SHEA, #1722057,　§
　　　　　　　　　　　　　　　　　§
　　　　　　　*Plaintiff,*　　　　　§
　　　　　　　　　　　　　　　　　§　　　Civil Action No. 4:12cv265
v.　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
BENNY PARKEY, ET AL.,　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　*Defendants.*　　　　§

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

## I.　　BACKGROUND

　　　Plaintiff Michael Allen O'Shea, formerly incarcerated in the Denton County Jail, initially

proceeding *pro se* (though now represented by retained counsel) and *in forma pauperis*, claims that

he was injured while apparently an arrestee at the Denton County Jail by lack of medical treatment

for pre-existing shotgun wounds to his left shoulder, arm and hand in July and August 2010.　　The

complaint was referred to the undersigned pursuant to 28 U.S.C. § 636(b).　　Now before the Court

is Defendant Bing Burton, Director of the Denton County Health Department's, Motion to Dismiss

pursuant to Fed. R. Civ. P. 12(b)(6) (docket entry #35).　　The following summary of events is

taken from Plaintiff's original complaint.

　　　Plaintiff asserts that he was arrested at John Petersmith Hospital in Fort Worth, Texas, on

July 2, 2010, where he was being treated for 12 gauge shotgun wounds to his left shoulder, left

hand and the left side of his chest.　　He does not relate the origin of the wounds or why he was

arrested.　　He was subsequently booked into the Denton County Jail the same day, where he was

placed in the jail's medical unit.　　He alleges he was "screened" by medical assistant Jane Doe and

1

placed in a medical cell for treatment. Apparently, he remained in the medical unit for his entire stay at the Denton County Jail. He further alleges he was removed from his cell daily for treatment, including changing his bandages and cleaning the wounds on his left shoulder and chest. However, he alleges, the wounds to his left hand were not looked at or treated despite his request to do so.

Plaintiff alleges that on July 10, 2010, after repeated requests and complaints of "foul smelling infection in [his] lef[t] hand," Jane Doe partially removed the bandage from his hand until his fingers were exposed. He claims green and black infection covered his fingers. Jane Doe re-wrapped the same "dirty bandages" on his hand, told him that the medical unit did not have the right bandages and returned Plaintiff to his cell.

Plaintiff next alleges that the following Saturday, July 16, 2010,[1] his brother, Richard O'Shea, and sister-in-law, Debbie O'Shea, visited him, saw the extent of the infection in his left hand, and spoke with jail authorities about Plaintiff's alleged lack of treatment. The following Monday (which he states was July 18, 2010, again a day off the actual calendar date), he was transported to an outside physician, Dr. John Ribiero, for treatment. He alleges that Dr. Ribiero advised him he needed immediate hospitalization and surgery. The next morning, he was transported to Wise Regional Hospital in Decatur, Texas, where he was hospitalized and surgery performed. He describes the surgery as an amputation of his left ring finger; his first and second fingers were cut lengthwise to "scrape out gangrene infection" and the same for infection in his hand generally. He was subsequently treated with antibiotics and pain medication. He contends

---

[1] The Court notes that July 16, 2010, was a Friday; however, Plaintiff qualifies his allegation by stating these events occurred "approximately" that date. Complaint at 6.

he now suffers from nerve damage, pain and inability to close his left hand as a result of the infection and surgery.

On August 4, 2010, Plaintiff states, his attorney observed his wounds and learned of the "lack of medical proper medical care" at the Denton County Jail and obtained his release via a personal recognizance bond.

Plaintiff filed his original complaint on May 4, 2012, alleging First and Eighth Amendment violations against Defendants Parkey, Burton, John Doe, Kesseler, Sanders, Kissinger, McKeown, Sprabery and Jane Doe for acts of deliberate indifference to his medical needs and failure in responsibility or supervisory duties. He seeks declaratory relief and compensatory and punitive damages.

Defendants filed a series of motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on May 28 and 29, 2013 (docket entries 35, 36 and 37). Plaintiff filed a consolidated response thereto on July 3, 2013 (docket entry #39).

## II.    STANDARD

In the Fifth Circuit, "(A) motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The court is required to construe the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true. *See Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167

L. Ed. 2d 929 (2007)).   However, in ruling on a Rule 12(b)(6) motion to dismiss, the district court cannot look beyond the pleadings, *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).   Thus, the Court will not look beyond the pleadings here.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."   *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).   Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Id.*   Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face."   *Twombly*, 550 U.S. at 570 (internal quotation omitted).   A plaintiff meets this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Iqbal*, 556 U.S. at 678.

## III.   ANALYSIS AND DISCUSSION

Defendant Burton argues that the complaint contains no allegation of any personal participation by him in any violation of Plaintiff's rights; that he has no supervisory liability in a § 1983 lawsuit; that he is entitled to qualified immunity; and that Plaintiff's pleadings do not meet the standard for deliberate indifference to medical needs.

Plaintiff's sole factual allegation in his complaint regarding Defendant Burton states:

Defendant Dr. Bing Burton is the Denton County Health Director and is legally responsible for the basic healthcare, and medical treatment of all inmates in that jail, and operations of the medical department.

Complaint at 3.   None of the remaining factual allegations assert any personal involvement or conduct by Defendant Burton.   He is not even mentioned with regard to Plaintiff's medical

treatment or case management. The only other mention of Defendant Burton in the complaint (aside from naming in the caption) is in Plaintiff's "Legal Claims," in which he states:

> 33. Defendant Dr. Bing Burton violated the Plaintiff's First and Eighth Amendment Rights causing emotional distress, pain, suffering, and physical injury, when he failed to properly supervise/train his staff/subordinates and showed deliberate indifference to the serious medical needs of the Plaintiff.

Complaint at 9-10. Taking these allegations together, Plaintiff is suing Defendant Burton in his supervisory capacity as the Director of the Denton County Health Department, that is, under a theory of *respondeat superior*.

However, the doctrine of *respondeat superior* does not apply in § 1983 actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990). Under 42 U.S.C. § 1983, a supervisory entity or officials are not liable for subordinates' actions on any vicarious liability theory. In fact, the Supreme Court recently held that the term "supervisory liability" in the context of a § 1983 lawsuit is a "misnomer" since "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *See Iqbal*, 556 U.S. at 677. There, the Supreme Court rejected an argument that government officials may be held liable because they merely had knowledge or acquiesced in their subordinate's misconduct. *Id.* As a result of *Iqbal*, courts have questioned whether supervisory liability remains an option at all in § 1983 cases. *See Dodds v. Richardson*, 614 F.3d 1185, 1194-95 (10th Cir. 2010); *Parrish v. Ball*, 594 F.3d 993, 1001 n.1 (8th Cir. 2010); *see also Floyd v. City of Kenner, La.*, 351 Fed. Appx. 890, 897 (5th Cir. 2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," quoting *Iqbal*, 556 U.S. at 676).

Under Fifth Circuit jurisprudence, a supervisory entity may only be held liable if one of the following exists: (1) personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisory entity's wrongful conduct and the constitutional violations. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008); *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). These two conditions are consistent with the Supreme Court's holding that mere knowledge or acquiescence is insufficient to create supervisory liability in the § 1983 setting. *Iqbal*, 556 U.S. at 677. Here, Plaintiff has not alleged nor shown that Defendant Burton met either of these criteria.

Plaintiff also appears to allege that Defendant Burton failed to properly train his subordinates, leading to Plaintiff's injury. However, there are no factual allegations establishing any supporting framework whatsoever for such a claim. Accordingly, it is wholly conclusory and inadequate to support the complaint. *Twombly*, 550 U.S. at 570.

Defendant Burton also raises the defense of qualified immunity, but does not brief its application. It is unnecessary to reach this issue in any event.

Finally, Defendant Burton contends that any allegation of deliberate indifference in the complaint fails to meet the applicable standard. On its face, that appears to be true with regard to Defendant Burton, but given the inapplicability of *respondeat superior* and the lack of pleading in the complaint, addressed above, it is also unnecessary to address this point further.

For the reasons stated herein, Defendant Burton's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

In his consolidated response to all of the Defendants' motions to dismiss, Plaintiff requests

leave to file an amended complaint[2] addressing the deficiencies in his original, *pro se* complaint and expanding on the factual allegations contained therein.   Rule 15(a)(2) of the Federal Rules of Civil Procedure require leave of court for amendments more than 21 days after service of a responsive pleading.   Further, a court "should freely give leave when justice so requires."   *Id*. In this case, Plaintiff filed his original complaint as a *pro se* litigant, who is entitled to some liberal construction in his pleading.   *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).   Since filing his complaint, and about the time Defendants filed their motions to dismiss, Plaintiff obtained counsel, who asserts on behalf of Plaintiff in the response that a clarified amended complaint will resolve the deficiencies addressed herein.   Although Defendant Burton (and the other Defendants in their respective motions to dismiss) "vehemently" deny Plaintiff's factual allegations, there is no question that Plaintiff was injured at the time of his incarceration in the Denton County Jail, either developed an infection or an existing infection progressed, and required surgery during that incarceration.   Whether Defendants, or any of them, can be held responsible for those events will be seen through a well-pleaded amended complaint.   Accordingly, the interests of justice require that Plaintiff be allowed to amend his complaint and he should be allowed to do so within fourteen days of the dismissal of the original complaint.

## IV.    RECOMMENDATION

---

[2] The response states initially that "Plaintiff has obtained counsel and files this response to the motions to dismiss and is also seeking to obtain leave to file an amended complaint to plead his claims more specifically."   Complaint at 1.   Later, Plaintiff asserts that he "has filed a motion for leave to amend his complaint to be more specific regarding the nature and basis of his claims."   *Id*. at 4.   No such motion appears on the docket of this case.   However, the Court construes the response itself to request leave to file an amended complaint and notes that no Defendant has opposed Plaintiff's expressed request to do so.

It is therefore recommended that Defendant Bing Burton's Motion to Dismiss (docket entry #35) be **GRANTED** to the extent that Plaintiff's original complaint be dismissed. It is further recommended that Plaintiff's constructive Motion for Leave to Amend contained in the consolidated response be **GRANTED** and Plaintiff be allowed to amend his complaint once within fourteen days of the date of adoption of this recommendation.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 4th day of February, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE